UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCUHEALTH TECHNOLOGIES, LLC, a Texas limited liability company, STEPHEN J. RAHEL SAMSON, and BOBY DEVEROS,

    Plaintiffs,

v.

OSCAR GERARDO HUERTA PEREZ, MAURICIO DE ANTUNANO RUIZ, ALEJANDRA ETERNOD VALDEZ, LICENCIADO LUIS GERARDO MARTINEZ VIRAMONTES, SEBASTIAN VAZQUEZ VILLASUSO, SOFIA CAREN CELIS GUTIERREZ, and ANA KAREN ORDAZ LARA,

    Defendants.
_____/

Case No. 8:26-cv-00455

## **COMPLAINT**

Plaintiffs, ACCUHEALTH TECHNOLOGIES, LLC, a Texas limited liability company ("Accuhealth"), STEPHEN J. RAHEL SAMSON ("Samson"), and BOBY DEVEROS ("Deveros") (collectively the "Plaintiffs"), sue Defendants, OSCAR GERARDO HUERTA PEREZ ("Huerta"), MAURICIO DE ANTUNANO RUIZ ("Ruiz"), ALEJANDRA ETERNOD VALDEZ ("Valdez"), LICENCIADO LUIS GERARDO MARTINEZ VIRAMONTES ("Viramontes") SEBASTIAN VAZQUEZ VILLASUSO ("Villasuso"), SOFIA CAREN CELIS GUTIERREZ

1

("Gutierrez"), and ANA KAREN ORDAZ LARA ("Lara") (collectively, the "Defendants"), and in support thereof state as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff Accuhealth is a Texas limited liability company with offices in Texas and Florida.

2. Plaintiff Samson is a Florida resident who resides in Pinellas County.

3. Plaintiff Deveros is a Florida resident who resides in Pinellas County.

4. Defendant Huerta resides in San Luis Potosi, Mexico.

5. Defendant Ruiz resides in San Luis Potosi, Mexico.

6. Defendant Valdez resides in San Luis Potosi, Mexico.

7. Defendant Viramontes resides in San Luis Potosi, Mexico.

8. Defendant Villasuso resides in San Luis Potosi, Mexico.

9. Defendant Gutierrez resides in San Luis Potosi, Mexico.

10. Defendant Lara resides in San Luis Potosi, Mexico.

11. Jurisdiction is proper pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship and the amount in controversy is in excess of $75,000.00.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391(c)(3) and Local Rule 1.04(a).

13. This action arises from a malicious scheme orchestrated by a former independent contractor (Huerta) and his associates (Ruiz, Valdez, Viramontes, Villasuso, Gutierrez, and Lara) to extort millions of dollars from Plaintiffs through threats directed to Florida residents and the flagrant abuse of the Mexican legal system. After Plaintiffs severed ties with Defendant Huerta due to his misconduct, Huerta retaliated by making credible death threats against Accuhealth's executives, Plaintiffs Samson and Deveros while they were in Florida. Huerta then leveraged these threats by filing a sham lawsuit in Mexico for fraudulent labor claims, knowing Samson and Deveros could not travel to Mexico to defend themselves without risking their lives. Huerta, with the help of his co-conspirators, secured a default judgment of over $2.1 million by providing false testimony to the Mexican court, including perjured statements that Plaintiffs had been property served. Plaintiffs now seek redress for this brazen conspiracy, exploitation of the judicial process, and substantial damages it caused.

14. All conditions precedent to filing this action have been performed, waived or otherwise satisfied.

## GENERAL ALLEGATIONS

**A. Defendants Huerta, Ruiz, Valdez, Villasuso, Lara, and Gutierrez Contract to Provide Services to Accuhealth.**

15. Accuhealth is a healthcare technology company that specialized in solutions for Remote Patient Monitoring and related services and serviced customers in all fifty states.

16. Accuhealth assisted healthcare providers to monitor patients' health outside of hospitals and clinical settings and supported proactive healthcare through connected care.

17. On March 4, 2020, Accuhealth hired Defendant Huerta as an independent contractor to serve as a Patient Acceptance Agent for customers in both English and Spanish.

18. Defendant Huerta provided services to Accuhealth from 2020 through 2022 and regularly serviced Accuhealth customers residing in Florida. Further, Huerta communicated by telephone with Samson and Deveros while they were located in Florida.

19. On October 5, 2021, Defendant Huerta presented Accuhealth with a business proposal to use his company in Mexico—SLP Solutions ("SLP")—to secure additional Mexican contractors to provide Accuhealth with non-clinical administrative services on the Patient Acceptance team.

20. Accuhealth accepted the business proposal and upon receiving invoices from SLP, it began wiring payment for the Mexican contractors employed by SLP.

21. The Mexican contractors employed by SLP who received payment from Accuhealth for services include but are not limited to Huerta, Ruiz, Valdez, Villasuso, Lara, and Gutierrez. Like Huerta, Ruiz, Valdez, Villasuso, Lara, and Gutierrez regularly serviced Accuhealth customers residing in Florida.

22. On January 6, 2022, an SLP contractor advised Accuhealth of his resignation. Upon further investigation, Accuhealth learned that the SLP contractor resigned as a result of Defendant Huerta's harassment and discriminatory treatment based on the contractor's sexual orientation.

23. Upon learning this misconduct, Samson instructed Huerta to work from his residence, rather than from the SLP office, while Accuhealth investigated the matter.

24. On January 10, 2022, Huerta sent a message to Deveros, falsely claiming he had been in a severe biking accident and would be hospitalized and unreachable for the foreseeable future.

25. In reality, Huerta had padlocked the SLP office and was positioned outside directing all SLP contractors who serviced Accuhealth to go home.

26. Huerta continued to keep the padlock on the SLP office to prevent SLP contractors from fulfilling their work for Accuhealth.

27. Despite Huerta's interference, by January 11, 2022, Accuhealth arranged for most of the SLP contractors to continue their work by contracting them directly.

28. Accuhealth paid SLP on all outstanding invoices.

### B. Defendant Huerta's Death Threats.

29. On February 22, 2022, during a phone call with Samson and Deveros, who were located in Florida, Defendant Huerta threatened to kill Samson and Deveros if they traveled to Mexico. Specifically, Huerta stated that Samson and Deveros would meet their end if they traveled to Mexico.

30. Additionally, Huerta told other Accuhealth staff on multiple occasions that Samson and Deveros would "meet the devil."

31. Fearing for their lives, Samson and Deveros did not travel to Mexico after receiving Huerta's death threats.

### C. Defendants' Scheme to Defraud Plaintiffs.

32. Angered that Accuhealth had successfully bypassed his attempts at disruption, Huerta conspired with the other Defendants, Ruiz, Valdez, Villasuso, Lara, and Gutierrez, to retaliate by filing fraudulent labor claims in Mexico, falsely alleging unjustified termination and unpaid wages.

33. In fact, Plaintiffs had not terminated any of these individuals, nor did they owe them any unpaid wages; their claims were entirely fabricated.

34. In February and November, legal notices ("Notices") regarding pre-litigation proceedings for these fraudulent claims were delivered to an SLP manager in Mexico.

35. Accuhealth, Samson, and Deveros were not served with the Notices and did not authorize anyone to accept service on their behalf.

36. On May 11, 2022, Huerta filed a labor dispute lawsuit against the SLP manager, Accuhealth, Samson, and Deveros in Case No. C-4870-23-A in the Labor Court in San Luis Potosi, Mexico ("Lawsuit").

37. Accuhealth, Samson, and Deveros were never legally served with Huerta's Lawsuit and did not file a response with the Mexican court.

38. Further, Samson and Deveros could not be served with process in Mexico during the pendency of Huerta's Lawsuit because they did not travel there due to Huerta's death threats.

39. At a hearing in the Lawsuit, Viramontes falsely testified that Deveros was personally served with the Lawsuit at Accuhealth's office in Mexico. Additionally, Huerta, Ruiz, Valdez, Villasuso, Lara, and Gutierrez falsely testified that the SLP manager's personal residence in Mexico was Accuhealth's office and that she accepted service on Plaintiffs' behalf.

40. Relying on Defendants' false testimony, the Mexican court determined Plaintiffs were properly served. Consequently, on August 29, 2023 the court entered

a default judgment against Accuhealth, Samson, and Deveros and in favor of Huerta in the amount of $36,445,356.79 Mexican pesos—approximately $2.122 million.

41. Plaintiffs are obligated to pay their attorneys a reasonable fee for their services herein.

### COUNT I – CONSPIRACY TO COMMIT ABUSE OF PROCESS
### (All Defendants)

42. This is an action for damages in excess of $75,000 exclusive of interest, court costs, and attorney's fees.

43. Plaintiffs reallege paragraphs 1 through 41 as though fully set forth herein.

44. At all material times, Defendants acted individually and in concert with one another and agreed to commit abuse of process against Plaintiffs.

45. On May 11, 2022, Huerta filed the Lawsuit against Accuhealth, Samson, and Deveros.

46. Huerta filed the Lawsuit for the illegal and improper purpose of extorting money from Plaintiffs, leveraging the fact that his death threats would prevent Samson and Deveros from appearing in Mexico to be served with process and defend against his fraudulent claims.

47. Huerta's ulterior motive in bringing the Lawsuit was to extort money from Plaintiffs and retaliate after Plaintiffs continued working directly with SLP employees or contractors.

48. Prior to and during the Lawsuit, Defendants conspired and reached an agreement to misuse the legal process for the improper purposes of extorting money from and retaliating against Plaintiffs.

49. Defendants committed overt acts in furtherance of the conspiracy, including but not limited to, providing false testimony regarding service of process in the Lawsuit which resulted in entry of a default judgment against Plaintiffs.

50. Plaintiffs were damaged as a result of the abuse of process and suffered entry of a $2.122 million judgment.

WHEREFORE, Plaintiffs demand judgment against Defendants for actual and consequential damages, prejudgment interest, and court costs, and granting such other relief as the Court may deem just and proper.

### COUNT II – VIOLATION OF FLA. STAT. § 817.034(4)(a)
### (Huerta)

52. This is an action for damages in excess of $75,000 exclusive of interest, court costs, and attorney's fees.

53. Plaintiffs reallege paragraphs 1 through 41 as though fully set forth herein.

54. Huerta engaged in a scheme to defraud by engaging in an ongoing course of conduct with the intent to obtain property from Plaintiffs by making false representations to the Mexican Labor Court that he was an Accuhealth employee,

that he was terminated by Accuhealth, due unpaid wages from Accuhealth, and that he served Plaintiffs with process.

55. Huerta intended that the Mexican Labor Court would rely on his false representations and enter a default judgment against Plaintiffs.

56. As a result of Huerta's scheme to defraud, he obtained entry of a $2.122 million judgment against Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Huerta for actual and consequential damages, prejudgment interest, and court costs, and granting such other relief as the Court may deem just and proper.

### COUNT III – VIOLATION OF FLA. STAT. § 836.05
(Huerta)

57. This is an action for damages in excess of $75,000 exclusive of interest, court costs, and attorney's fees.

58. Plaintiffs reallege paragraphs 1 through 41 as though fully set forth herein.

59. On February 22, 2022, during a phone call with Samson and Deveros, who were located in Pinellas County, Florida, Defendant Huerta threatened to kill Samson and Deveros if they traveled to Mexico. Specifically, Huerta stated that Samson and Deveros would meet their end if they traveled to Mexico.

60. Additionally, Huerta told other Accuhealth staff on multiple occasions that Samson and Deveros would "meet the devil."

10

61. Huerta's threats were made with the intent to compel Plaintiffs to refrain from traveling to Mexico to be served with process and defend against his fraudulent Lawsuit.

62. Fearing for their lives, Samson and Deveros did not travel to Mexico after receiving Huerta's death threats and suffered entry of a $2.122 million default judgment as a result.

WHEREFORE, Plaintiffs demand judgment against Huerta for actual and consequential damages, prejudgment interest, and court costs, and granting such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a jury trial on all counts so triable.

Dated this 18th day of February, 2026.

Respectfully Submitted,

OLDER LUNDY KOCH & MARTINO

SAMUEL J. HELLER, ESQ.
Florida Bar No: 801461
sheller@olderlundylaw.com
kphillips@olderlundylaw.com
ALICIA L. GANGI, ESQ.
Florida Bar No: 1002753
agangi@olderlundylaw.com
fgonsalves@olderlundylaw.com
111 2nd Avenue NE, Suite 1210
St. Petersburg, FL 33701

Tel: (727) 828-6071

BEATRIZ S. MCCONNELL, ESQ.
Florida Bar No: 42119
bmcconnell@olderlundylaw.com
jherzbrun@olderlundylaw.com
1000 W. Cass Street
Tampa, FL  33606
Tel: (813) 254-8998
Fax: (813) 839-4411
*Counsel for Plaintiffs, ACCUHEALTH TECHNOLOGIES, LLC, STEPHEN J. RAHEL SAMSON, and BOBY DEVEROS*